IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HUAWEI TECHNOLOGIES CO., LTD.<br><br>AND<br><br>HUAWEI DEVICE USA, INC.,<br><br>    Plaintiffs,<br><br>    v.<br><br>U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, <u>et al</u>.<br><br>    Defendants. | Civil Action No. 20-cv-03155 |

### DEFENDANTS' STATUS REPORT

Consistent with Defendants' proposal for further proceedings in this case, ECF No. 23, the Parties provide the following report regarding the current status of this litigation and the FOIA requests at issue.

**Office of the United States Trade Representative ("USTR"):** There has been no change in status since the Parties' last report. As stated in that report: USTR completed its response to Plaintiffs' request prior to filing of this litigation. USTR made a supplemental release of information previously redacted pursuant to exemption (b)(5) on February 12, 2021.

**Immigration and Customs Enforcement ("ICE"):** There has been no change in status since the Parties' last report. As stated in that report: ICE completed its response to Plaintiffs' request on February 18, 2021. ICE processed 1,493 pages of potentially responsive records. ICE determined that 788 pages were not responsive; 84 pages were duplicates; 581 pages would be withheld in full pursuant to FOIA Exemptions (b)(3) (Rule 6e), (b)(5), (b)(6), (b)(7)(C), (b)(7)(A), and (b)(7)(E); 17 pages were sent to other agencies for consultation, and would be

1

processed and released once the consultation is returned to ICE; and 23 pages were released to Plaintiffs subject to partial withholdings pursuant to FOIA Exemptions (b)(5), (b)(6), and (b)(7)(C).

**Department of Commerce:** Following discussions with Plaintiffs' counsel, the Department of Commerce has re-opened the FOIA request at issue in this lawsuit, No. DOC-IOS-2019-1183. Commerce is currently preparing its search in response to the request, including evaluating search terms proposed by Plaintiffs.

**Department of Justice, Office of Information Policy ("OIP"):** There has been no change in status since the Parties' last report. As stated in that report: Searches for records potentially responsive to Plaintiffs' FOIA request have been initiated by OIP and are currently pending. OIP anticipates receiving results from these searches at the beginning of May 2021. The search for records responsive to Plaintiffs' FOIA request is pending behind other searches in the Department of Justice's electronic search queue. Given the significant backlog of email and electronic records searches, the Department is not in a position to complete the search for Plaintiffs' FOIA request more quickly without displacing other equally meritorious FOIA requests ahead of this one in the queue, some of which are expedited or narrower in scope. OIP is currently working with Plaintiffs regarding narrowing options, which may lead to faster search results. Because searches are still ongoing, OIP is unable to provide information regarding the total number of potentially responsive records that require review at this time. Once searches are complete, OIP will assess the volume of potentially responsive records and anticipates being able to provide an estimated timeframe for response to Plaintiffs' FOIA request. OIP intends to confer with Plaintiffs regarding the initial results of the searches and to propose a schedule for review

and/or processing of the potentially responsive material located pursuant to the completed searches.

**Department of Justice, Criminal Division:** There has been no change in status since the Parties' last report. As stated in that report: Searches for records potentially responsive to Plaintiffs' FOIA request have been initiated within the Sections of the Criminal Division most likely to maintain responsive records. These searches are currently pending. The Criminal Division anticipates these searches will be completed by the end of May 2021. Because searches are still ongoing, the Criminal Division is currently unable to provide information regarding the total number of potentially responsive records that require review. Once searches are complete, the Criminal Division will assess the volume of potentially responsive records and will begin to conduct an initial responsiveness and de-duplication review to ascertain a more accurate document count. The Criminal Division will then be able to confer with Plaintiffs regarding the initial results of the search and to propose a schedule for review and/or processing of the potentially responsive material located pursuant to the completed searches.

**Department of Justice, National Security Division ("NSD"):** There has been no change in status since the Parties' last report. As stated in that report: NSD is currently conducting searches pursuant to the request in coordination with the relevant sections within the Division, which the agency anticipates completing by April 30, 2021. Shortly thereafter, NSD anticipates being able to provide an estimate of the volume of potentially responsive records and dates for interim and final response or, alternatively, an anticipated pace of processing. NSD's search cannot be completed sooner in light of multiple factors, including that NSD's search requires the efforts of individual NSD employees, rather than simpler searches of centralized files, and because NSD's search requires liaison with other DOJ components.

**Federal Bureau of Investigation ("FBI"):** The FBI has completed its initial search in response to Plaintiffs' request. The FBI is beginning the process of gathering records to evaluate for responsiveness and potential release. Once that process is completed, the FBI will assess the volume of potentially responsive records and anticipates being able to provide an estimated timeframe for response to Plaintiffs' request.

**Department of Treasury:** There has been no change in status since the Parties' last report. As stated in that report: Treasury's initial search within the offices most likely to contain responsive documents has not yielded any potentially responsive records. Treasury continues to evaluate its search parameters to confirm whether any potentially responsive records may be reasonably located.

**Department of Treasury, Office of Foreign Assets Control ("OFAC"):** There has been no change in status since the Parties' last report except for the anticipated date of OFAC's initial release. As stated in that report (as modified with regard to the date): OFAC has completed its initial search in response to Plaintiffs' request, using search terms previously provided by Plaintiffs, which yielded approximately 35,000 pages of records potentially responsive to the request. OFAC has since assessed that the terms proposed by Plaintiffs were broader than necessary to conduct a reasonably targeted search, which resulted in a large volume of non-responsive records. Due to the number of non-responsive pages, OFAC is applying a narrowed set of terms to ensure that the records processed are specifically responsive to Plaintiffs' request and to significantly reduce the number of non-responsive records for review.

OFAC is currently processing these documents, but now anticipates making an initial release on or about April 16, 2021. OFAC proposes to process at least 350 pages of records per month and make monthly releases thereafter until all records have been processed. OFAC's

processing capacity is limited to this pace because of the negative effects of the COVID-19 pandemic, staffing shortages, and the agency's FOIA backlog.

As part of its processing, OFAC will continue to review whether documents implicate the equities of other agencies. If so, OFAC will process these documents through the Treasury consultation process. *See* 31 C.F.R. §1.3(d). After completing the relevant consultations (the timing of which is uncertain and depends in part on the response times of the other agencies), OFAC will produce any remaining non-exempt, responsive records subject to the FOIA. Additionally, OFAC anticipates that some of the documents will have to undergo the submitter notice process for the potential redaction of confidential commercial information under Exemption 4. *See* 5 U.S.C. § 552(b)(4) and 31 C.F.R. §1.5. This process will add additional time to the review process.

**Office of Management and Budget ("OMB"):** OMB transmitted its first production of records on Monday, March 1, 2021. This production was in response to the first six bulleted parts of Plaintiffs' request to OMB. OMB plans to continue producing responsive records for the seventh (and final) bulleted part of Plaintiffs' request on a monthly basis going forward. OMB's initial search for the seventh bulleted part of Plaintiffs' request collected more than 6,300 potentially responsive records. Because of OMB's FOIA backlog, litigation caseload, and staffing constraints, the agency's long-standing position has been that, absent exceptional circumstances, it cannot process rolling productions at a rate greater than 300 records reviewed per month per case. At that rate, OMB plans to complete productions by January 31, 2023. OMB has provided Plaintiffs with a proposal for narrowing the collected results in response to the seventh bulleted part of Plaintiffs' request in order to reduce the volume for processing, thereby accelerating the

timeframe for completion.  OMB plans to continue transmitting productions on a monthly basis while the parties confer about that proposal, with the next production scheduled for April 1, 2021.

**Department of Homeland Security ("DHS"):**   DHS has completed an initial responsiveness review following its electronic collection of potentially responsive records.  DHS identified approximately 2,661 pages of potentially responsive records and plans to process 250 pages per month.  DHS anticipates making monthly releases with its first release occurring by April 30, 2021.

**Department of State:**   There has been no change in status since the Parties' last report.  As stated in that report: Due to the adverse impact of the COVID-19 pandemic, the State Department's FOIA operations are severely constrained. State has not yet issued a final determination as to Plaintiff's request and is not yet in a position to provide an estimate for when it will be able to do so.  That being said, State has been able under the present circumstances to initiate searches for responsive records.  While State is unable to commit to a processing rate at this time, State can commit to making an initial, interim production on or about April 22, 2021, with rolling productions every six weeks thereafter.

## PLAINTIFFS' STATEMENT

The Plaintiffs do not join in the substance of the government's submission and adhere to the position they expressed in the February 26 joint submission—that a briefing schedule and status conference with the Court are necessary to require the agencies to fulfill their obligations under FOIA. Indeed, the amount of times that Defendants report "no change in status" underscores why this Court's intervention is necessary to move this case forward. To date, only three of the twelve defendant agencies have made productions to the Plaintiffs, nearly two years after Plaintiffs submitted their requests, and even those limited productions have been partial,

heavily redacted, and without information necessary for Plaintiffs to assess the adequacy of the agencies' searches. Finally, Plaintiffs note that they do not agree with certain characterizations of the Defendants' actions and progress to date. Plaintiffs are willing to further detail these disagreements at a status conference or in a manner ordered by the Court."

Respectfully submitted,

| JENNER & BLOCK LLP | SIDLEY AUSTIN LLP |
|---|---|
| /s/ Corinne M. Smith | /s/ Kwaku A. Akowuah |
| Corinne M. Smith (No. 1025616)<br>1099 New York Ave., N.W., Suite 900<br>Washington, D.C. 20001<br>Telephone: (202) 639-6000<br>Facsimile: (202) 639-6066<br>csmith@jenner.com<br><br>Brian J. Fischer (*pro hac vice* application to be filed)<br>Olivia G. Hoffman (*pro hac vice* application to be filed)<br>Tessa J. G. Roberts (*pro hac vice* application to be filed)<br>919 Third Avenue<br>New York, NY 10022<br>Telephone: (212) 891-1600<br>Facsimile: (212) 891-1699<br>bfischer@jenner.com<br>ohoffman@jenner.com<br>troberts@jenner.com | Kwaku A. Akowuah (No. 992575)<br>Frank R. Volpe (No. 458791)<br>Daniel J. Hay (No. 1047969)<br>1501 K Street, N.W., Suite 600<br>Washington, DC 20005<br>Telephone: (202) 736-8000<br>Facsimile: (202) 736-8711<br>kakowuah@sidley.com<br>fvolpe@sidley.com<br>dhay@sidley.com<br><br>Caitlin N. Matheny (*pro hac vice* application to be filed)<br>787 7th Ave, New York, NY 10019<br>Telephone: (212) 839-5300<br>Facsimile: (212) 839-5599<br>cmatheny@sidley.com |

*Counsel for Plaintiffs Huawei Technologies Co., Ltd. and Huawei Device USA Inc.*

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ James Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C.  20005
Telephone: (202) 353-0543
E-mail: James.R.Powers@usdoj.gov

*Counsel for Defendants*