**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

HUAWEI TECHNOLOGIES CO., LTD.

AND

HUAWEI DEVICE USA, INC.,

Plaintiffs,

v.

U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT, et al.

Defendants.

Civil Action No. 20-cv-03155

**JOINT STATUS REPORT**

Consistent with the Parties' proposal in their joint motion to adjourn the most recent status conference, ECF No. 31, they provide the following report regarding the current status of this litigation and the FOIA requests at issue.

**PROPOSAL FOR FURTHER PROCEEDINGS**

**Joint Statement:** The Parties have reached many agreements regarding narrowing and prioritization, which have materially reduced the volume of records at issue in this case. Nonetheless, certain points remain outstanding for negotiation. Additionally, the Parties agreed in principle on narrowing measures as to some agencies that will involve the processing of some email attachments on an *ad hoc* basis where Plaintiffs specifically request such processing under certain conditions that are currently being negotiated, to cull significantly the overall volume of documents for processing. Until Plaintiffs make such requests, after the Defendants make their initial productions, the Parties cannot yet forecast the volume of records that will ultimately be processed pursuant to that agreement.

Accordingly, the Parties agree that it is not yet practicable to set a date for summary judgment briefing in this litigation. The Parties therefore propose filing a further joint status report in approximately one month, to provide the Court with a further update.

**Plaintiffs' Statement:** Plaintiffs have the following additional statement: With the negotiations on the scope of materials nearing their conclusion Plaintiffs believe the parties should next turn their attention to the question of processing and production, which goes to Plaintiffs' ultimate interest in receiving the records to which they are entitled under the FOIA statute to receive within a timeframe that will allow Plaintiffs to use those records to prepare their defense of the criminal charges pending in the Eastern District of New York. Plaintiffs first submitted these FOIA requests in May 2019.[1] After Defendants failed to meet their FOIA obligations without litigation, Plaintiffs initiated this suit in October 2020, and negotiations over scope have consumed much of 2021. Once negotiations on volume and scope are complete, Plaintiffs believe that it will be appropriate for the Court to set a pace for processing and production for each agency that will target completion by June 1, 2022—roughly three years after Plaintiffs first submitted their FOIA requests and approximately one year after this Court directed the parties to work together to streamline that process. For almost all of the Defendant agencies, this deadline can be met with a review pace of under 500 documents per month. *See* Apr. 14, 2021 Tr. 9:1–6 (Court expressing an "inclination" to "required that agencies process 500 documents per month"). A pace of production of 500 documents per month or more is appropriate in this district. *See, e.g., Energy Future Coal. v. Off. of Mgmt. & Budget*, 201 F. Supp. 3d 55, 59 (D.D.C. 2016) ("OMB shall continue to review 500 documents per month …."); *Nat'l Pub. Radio, Inc. v. U.S. Dep't of Treasury*, No. CV 19-17 (JDB), 2019 WL 12262726, at *2 (D.D.C. Aug. 23, 2019) ("[T]he agency

[1] With the exception of OMB, which was requested in September 2019.

shall review documents at a rate of 3,000 documents per month ….”); *see also, e.g.*, *Judge Rotenberg Educ. Ctr., Inc. v. FDA*, 376 F. Supp. 3d 47, 57 (D.D.C. 2019) (5,000 pages per month); *EPIC v. United States Dep't of Homeland Sec.*, 218 F. Supp. 3d 27, 37 (D.D.C. 2016) (2,000 pages per month); *NRDC v. Dep't of Energy*, 191 F. Supp. 2d 41, 42–43 (D.D.C. 2002) (3,750 per month).

In addition, Plaintiffs request an order requiring all Defendants to begin processing and reviewing documents while the remaining negotiations run their course. Thus far, six Defendants have not produced a single document. While there remain some scope questions subject to further negotiation, every Defendant (with the exception of those who have taken the position that their production is complete) has documents they can begin processing now.

**Defendants' Statement:** Defendants have no objection to working cooperatively to move this litigation toward conclusion as promptly as practicable and have done so to date. Defendants will continue to work with Plaintiffs to narrow the scope of the documents at issue in this litigation and process documents within the capacity of their FOIA operations. Nonetheless, it is not yet clear whether completion of responses to these requests will be possible by June 2022 (i.e. far less than one year from now) given the large volumes of records still responsive to Plaintiffs' broad requests at multiple agencies. To the extent Plaintiffs' position is that the agencies must process enormous volumes of documents at a pace far in excess of their ordinary capacity, that inequitable outcome has no basis in the FOIA. To be clear, Defendants understand a processing pace of 500 documents per month to be far in excess of that which is customary in this district and, indeed, Defendants understand the Court's prior statement referenced above to have been made in regard to rates of *pages* per month, not documents (which themselves can be any number of pages long). Apr. 14, 2021 Tr. 9:12–14 (subsequently clarifying

that the Court's inclination is to require processing of "at least 500 pages per month"). That being said, Defendants again stress that they will continue to work cooperatively with the Plaintiffs and will endeavor to conclude their responses to Plaintiffs' requests as promptly as they can. Indeed, three of the defendant agencies have already completed their responses to the broad requests at issue during the pendency of this litigation.

**STATUS UPDATE BY AGENCY**

**A. Agencies That Have Completed Responses**

The Office of the United States Trade Representative, Immigration and Customs Enforcement, Department of Homeland Security, and Department of Commerce have each completed their responses to the FOIA requests issued to them that are at issue in this litigation. The Parties anticipate negotiating any objections to the adequacy of these agencies' searches and releases as this litigation progresses.

**B. Agencies That Have Not Yet Completed Responses**

**Federal Bureau of Investigation ("FBI"):** FBI and Plaintiffs have agreed to narrow the scope of the request to FBI. FBI reports that approximately 2,000 pages must be processed in response to the narrowed request. FBI will process approximately 500 pages per month and anticipates completing its response in April 2022, subject to any consultation with or referrals to other agencies with equities in particular documents. This projected completion date incorporates a brief lead time for an FBI classification unit to review any classified documents before they are processed for potential release.

**Office of Management and Budget ("OMB"):** The Parties began their negotiations with 5,700 potentially responsive documents. To date, OMB has processed approximately 1,800 documents in response to Plaintiffs' request. The Parties have agreed to exclude news articles sent

by certain agreed-upon email domains from the scope of the request. Consequently, an additional 3,200 documents remain for processing. OMB has agreed to prioritize the processing of the records associated with 20 of the agency's 31 custodians. OMB is on track to make its next monthly rolling production by September 30, 2021. At a processing rate of 300 documents per month, OMB anticipates completing its rolling productions by July 2022.

**Department of Justice, Office of Information Policy ("OIP"):** OIP has substantially completed a responsiveness review as to all documents collected in its search for records pursuant to Plaintiffs' request. The Parties began with a population of approximately 31,000 documents, and after a cursory responsiveness review, had an estimated 416,000 pages or 20,800 documents for processing. The negotiations and responsiveness review have resulted in approximately 27,665 pages, or 1,266 documents, of potentially responsive records to be processed.

OIP anticipates the actual volume of pages for processing will be significantly lower pursuant to ongoing negotiations between the Parties. Plaintiffs have agreed to eliminate certain topics from their request, which will render some of the documents previously deemed responsive by OIP to be non-responsive. Additionally, the Parties have agreed in principle that, as to certain categories of requested information, OIP will process only responsive emails and not attachments thereto, unless attachments are requested by Plaintiffs as to specific emails, subject to certain conditions that are currently being negotiated by the Parties.

OIP anticipates processing approximately 300 pages of responsive records per month.

Plaintiffs' statement: Plaintiffs object to this pace, which alone would take 7.5 years (plus whatever time is needed for inter-agency review). By contrast, a pace of 300 documents per month would ensure that OIP's review and production would be complete by early 2022.

Defendants' statement: OIP's proposed rate of processing 300 pages per month is reasonable under the circumstances. First, as set forth above, the Parties have already reached multiple agreements indicating that the volume of pages for processing as to OIP will be substantially smaller than the total reported above. Accordingly, OIP does not anticipate that processing at its proposed rate is likely to take 7.5 years. Second, Plaintiffs' proposal is impracticable in any event. As of September 2021, OIP had approximately 1,600 open FOIA requests and 123 ongoing litigation matters. OIP's Litigation Team presently consists of seven full-time employees (Senior Counsel, two Senior Supervisory Attorneys, four Attorney-Advisors), and one FOIA paralegal contractor. OIP is already pulling resources from another team to process the request at issue in this litigation. Moreover, Plaintiffs' request seeks records from multiple headquarters components of the Department of Justice, frequently requiring a complex consultation process with numerous offices within the Department and, in some instances, other agencies. For all these reasons, OIP's proposed processing rate is reasonable and Plaintiffs' proposed rate of 300 documents per month should be rejected.

**Department of Justice, Criminal Division:** Plaintiffs and the Criminal Division have agreed to narrow the scope of Plaintiffs' request on a number of topics. These measures have substantially reduced the number of documents responsive to those topics. The Parties are in advanced negotiations regarding certain other narrowing or prioritization measures, which they anticipate concluding soon. The Criminal Division therefore is unable at this time to provide an overall volume of records for processing. The Parties are working expeditiously to conclude their negotiations on these remaining points.

**Department of Justice, National Security Division ("NSD"):** Plaintiffs and NSD have agreed to narrow the scope of Plaintiffs' request on a number of topics. These measures have

substantially reduced the number of documents responsive to those topics. The Parties are in advanced negotiations regarding certain other narrowing or prioritization measures, which they anticipate concluding soon. NSD therefore is unable to provide at this time an overall volume of records for processing. The Parties are working expeditiously to conclude their negotiations on these remaining points.

**Department of State:** Plaintiffs and State have agreed to narrow the scope of Plaintiffs' request on a number of topics. These measures have substantially reduced the number of documents responsive to those topics. The Parties are in advanced negotiations regarding certain other narrowing or prioritization measures, which they anticipate concluding soon. State therefore is unable to provide at this time an overall volume of records for processing. The Parties are working expeditiously to conclude their negotiations on these remaining points.

**Department of Treasury, including its Office of Foreign Assets Control ("OFAC"):** Two requests are pending in this case related to the Department of Treasury, one sent to OFAC and one to the Department itself. Treasury has consolidated its response to these two requests to avoid duplication of efforts and ensure efficient and consistent responses. Treasury has made two productions pursuant to the requests and has eliminated a number of non-responsive records from the documents collected. Treasury reports that approximately 1,012 records consisting of 13,125 pages are potentially responsive to the request. This total does not include documents from a recently completed supplemental search.

Treasury has made a narrowing proposal regarding those requests and Plaintiffs are currently evaluating that proposal. The Parties are working expeditiously to determine whether they can agree to measures narrowing the scope of the requests to Treasury.

Respectfully submitted,

JENNER & BLOCK LLP

/s/ Corinne M. Smith

Corinne M. Smith (No. 1025616)
1099 New York Ave., N.W., Suite 900
Washington, D.C. 20001
Telephone: (202) 639-6000
Facsimile: (202) 639-6066
csmith@jenner.com

Brian J. Fischer (admitted *pro hac vice*)
Olivia G. Hoffman (admitted *pro hac vice*)
Tessa J. G. Roberts (admitted *pro hac vice*)
919 Third Avenue
New York, NY 10022
Telephone: (212) 891-1600
Facsimile: (212) 891-1699
bfischer@jenner.com
ohoffman@jenner.com
troberts@jenner.com

SIDLEY AUSTIN LLP

/s/ Kwaku A. Akowuah

Kwaku A. Akowuah (No. 992575)
Frank R. Volpe (No. 458791)
Daniel J. Hay (No. 1047969)
1501 K Street, N.W., Suite 600
Washington, DC 20005
Telephone: (202) 736-8000
Facsimile: (202) 736-8711
kakowuah@sidley.com
fvolpe@sidley.com
dhay@sidley.com

Caitlin N. Matheny (admitted *pro hac vice*)
787 7th Ave, New York, NY 10019
Telephone: (212) 839-5300
Facsimile: (212) 839-5599
cmatheny@sidley.com

*Counsel for Plaintiffs Huawei Technologies Co., Ltd. and Huawei Device USA Inc.*

BRIAN M. BOYNTON
Acting Assistant Attorney General

MARCIA BERMAN
Assistant Branch Director

*/s/ James Powers*
JAMES R. POWERS (TX Bar No. 24092989)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 353-0543
E-mail: James.R.Powers@usdoj.gov

*Counsel for Defendants*